UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, R.J.D.,<br><br>Defendant. | Case No. 2:26-cv-05698 DOC (ADS)<br><br>ORDER TO SHOW CAUSE RE DISMISSAL DUE TO UNEXHAUSTED CLAIMS |

## I. BACKGROUND

On July 24, 2026, Respondent filed a Motion to Dismiss the Petition ("Motion") on the ground that the claims are not cognizable and Petitioner failed to exhaust his available state court remedies as to two of the four arguments asserted prior to filing the instant federal habeas petition. On August 3, 3036, Petitioner filed a request to stay the proceedings. (Dkt. No. 15). Petitioner acknowledges that the Petition is not fully exhausted.

However, Petitioner does not establish his entitlement to a stay because he does not provide any detail regarding the type of stay he seeks or why he believes he is

entitled to a stay. Petitioner is ordered to show cause why the case should not be dismissed.

## II. PETITIONER'S OPTIONS

The Petition is subject to dismissal for lack of exhaustion. However, the Court now grants Petitioner the following options:

### A. Option 1

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Petitioner is advised, however, that there is a one-year statute of limitations on habeas claims by a prisoner in state custody. 28 U.S.C. § 2244(d). The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under Section 2244(d) while a petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (noting that unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

### B. Option 2

Petitioner may voluntarily dismiss only the unexhausted portion of his Petition, and elect to proceed on the remaining, exhausted claims. The Court advises Petitioner, however, that if Petitioner elects to proceed now with only the exhausted claims, any future habeas petitions containing other claims that could have been raised in the instant Petition may be rejected as a second or successive petition under 28 U.S.C. § 2244(b) or may be time-barred.

**C. Option 3**

Petitioner may request to stay the proceedings and hold the petition in abeyance under Rhines v. Weber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court held that, in certain "limited circumstances," courts have the discretion to stay a "mixed petition" containing both exhausted and unexhausted claims, and to hold it in abeyance while a petitioner exhausts the remaining claims in state court.

To obtain a stay pursuant to Rhines, Petitioner is required to show the following: (1) good cause for failing to exhaust the unexhausted claims in state court; (2) the unexhausted claims are potentially meritorious and not "plainly meritless"; and (3) Petitioner has not engaged in abusive litigation tactics or intentional delay. Rhines, 544 U.S. at 277-78. The granting of the Rhines stay will result in an order requiring Petitioner to exhaust his unexhausted claims in state court and this action may be administratively closed pending the filing of a motion from Petitioner to vacate the stay, demonstrating that his claims have been exhausted. The Court makes no representation as to whether Petitioner can meet the required showings for a Rhines stay.

**D. Option 4**

Petitioner may also request a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007)). Under Kelly, Petitioner may dismiss his unexhausted claim and request the Court stay his remaining, exhausted claims while he returns to the state courts to exhaust his dismissed claim. Kelly, 315 F.3d at 1070. Once the claim has been exhausted in state court, Petitioner may then return and add it by amendment to the stayed federal petition. Id. However, Petitioner is advised that he will only be able to amend his newly exhausted claim back into the instant Petition if the claim is timely or

if the claim "relates back" to the claims already in the Petition. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (holding that claims relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative fact . . . ").

If Petitioner is granted a stay under either Rhines or Kelly, the Court may require Petitioner to file periodic status reports regarding his efforts to exhaust his claims. Petitioner is further cautioned that if the Court denies his request for a stay, the Court may recommend that the Petition be dismissed. As such, Petitioner may select alternative options in the event the Court denies the request for a stay.

## III. CONCLUSION

Based upon all of the above, the Court **ORDERS** the following:

Petitioner shall file a response, within **thirty (30) days** of the entry of this Order, specifying which of the options he wishes to pursue. To select **Option 1**, voluntary dismissal, Petitioner may use the attached Notice of Dismissal Form. The Clerk is directed to attach a blank copy of the Notice of Dismissal form (CV-09) for Petitioner's convenience. To select **Option 2**, Petitioner must clearly state he is selecting Option 2 and is voluntarily dismissing the unexhausted claims. To select **Option 3**, the Rhines stay, Petitioner must file a response that clearly states he is selecting Option 3 and setting forth all of the facts and arguments necessary to obtain a Rhines stay. To select **Option 4**, the Kelly stay, Petitioner must file a response that clearly states he is selecting Option 4 and setting forth all of the facts and arguments necessary to obtain a Kelly stay, and include as an exhibit an amended petition that does not include the unexhausted claims;

If Petitioner files a response seeking a stay, Respondent may file a single opposition within fourteen (14) days notice of Petitioner's response; and

In the event Petitioner fails to timely file a response, Petitioner is expressly warned that the Court may recommend that Respondent's Motion be granted.

**IT IS SO ORDERED.**

Dated: August 24, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge